983 F.2d 1073
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff,
v.
CITY OF CHICAGO, Defendant-Appellee,
v.
William FROST, Intervening Defendant-Appellant.
 No. 87-2896.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 14, 1992.*
Decided Dec. 16, 1992.
 
 Before BAUER, Chief Judge, CUMMINGS, Circuit Judge, and ESCHBACH, Senior Circuit Judge.
 
 ORDER
 
 1
 William Frost, an intervening defendant in this case, appeals the district court's refusal to order the City of Chicago to promote him to the rank of sergeant from the 1979 list of police sergeants. We affirm.
 
 
 2
 On April 18, 1984, the district court held that the 1979 sergeants' promotion list violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., and ordered the Police Department to make promotions of sergeants pursuant to court-imposed quotas. See Bigby v. City of Chicago, 871 F.2d 54, 55 & n. 1 (7th Cir.1989). Three years later, on April 6, 1987, the district court entered another order barring further promotions to sergeant from the 1979 list. Id. at 55. The City of Chicago moved to vacate that order, claiming it expected a shortage of supervisory personnel over the summer of 1987. Id. On June 22, 1987, the district court held a hearing after which it denied the motion. Id. at 55-56.
 
 
 3
 On July 22, 1987, William Frost brought a "Motion to Intervene and for Promotion," in which he alleged that on December 1, 1982, he resigned from the Chicago Police Department and took a position as an assistant state's attorney; on May 15, 1986, he applied for reinstatement to the Police Department; on August 1, 1986, he had completed all the necessary documentation for reinstatement except for the physical examination; due to an error by Personnel, he was not contacted to report for the physical examination until October 1986; he was unable to take that examination because he was involved in a murder trial; on December 17, 1986, the district court approved the promotion of sergeants for white police officers on the 1979 promotion list through the rank of 535, his rank being 489; a June 1987 promotion was rumored, and Personnel assured him that he would be promoted in the next group of sergeants; on April 7, 1987, he completed the physical examination, making him eligible for reinstatement to the Department; on June 22, 1987, the district court denied further promotions to sergeant; this decision affected his ability to be promoted to sergeant; and, he would resign his position as an assistant state's attorney and return to the Department if the court were to grant his motion. The district court permitted Frost to intervene pursuant to Fed.R.Civ.P. 24(b), but dismissed his claim for a promotion. This timely appeal followed.
 
 
 4
 As an intervenor, Frost was bound by the district court's orders entered prior to his intervention unless he could show that they deprived him of his substantial rights. 3B James Wm. Moore & John E. Kennedy, Moore's Federal Practice p 24.16 (2d ed. 1990); see Galbreath v. Metro. Trust Co., 134 F.2d 569, 570 (10th Cir.1943); Yankton Sioux Tribe of Indians v. Nelson, 604 F.Supp. 1146, 1151 (D.S.D.1985), rev'd on other grounds, 796 F.2d 241 (8th Cir.1986), cert. denied, 483 U.S. 1005 (1987); Hall County Historical Soc'y v. Georgia Dep't of Transp., 447 F.Supp. 741, 746 n. 1 (N.D.Ga.1978); Moore v. Tangipahoa Parish School Bd., 298 F.Supp. 288, 293 n. 15 (E.D.La.1069). Frost made no such showing in his motion, and so the court denied relief. In his brief, Frost argued that the April 6 and June 22, 1987 orders were abusive. However, Frost failed to present this argument before the district court, and therefore has waived it on appeal. E.g., Gray v. Lacke, 885 F.2d 399, 409 (7th Cir.1989), cert. denied, 494 U.S. 1029 (1990).
 
 
 5
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record